UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ELIZABETH KOEPPLER,

      Plaintiff,

v.                          Case No. 2:26-cv-179

GENERAC POWER SYSTEMS, INC.,

      Defendant.

## COMPLAINT

### I. INTRODUCTION

1.    This is an action for damages and equitable relief arising from Defendant's unlawful discrimination against Plaintiff on the basis of sex and pregnancy, and for Defendant's interference with and retaliation for Plaintiff's exercise of rights protected by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

2.    Defendant terminated Plaintiff's employment shortly after her return from maternity leave, stripped her of core job duties, treated her differently upon her return from protected leave, and refused to rehire her into a substantially identical role, all because of her sex, pregnancy, and use of FMLA leave.

### II. JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k); and the FMLA, 29 U.S.C. § 2617.

4. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because Defendant conducts business in this District and the unlawful employment practices occurred within this District.

## III. PARTIES

6. Plaintiff Elizabeth Koeppler is an individual residing in the State of Wisconsin and was, at all relevant times, an employee of Defendant.

7. Defendant Generac Power Systems, Inc. is a corporation doing business in Wisconsin and is an "employer" within the meaning of Title VII and the FMLA.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed a charge of discrimination with the Wisconsin Equal Rights Division ("ERD") and the Equal Employment Opportunity Commission ("EEOC"), alleging sex and pregnancy discrimination.

9. Plaintiff received a Notice of Right to Sue and files this action within ninety (90) days of receipt of that notice.

10. No administrative exhaustion is required for Plaintiff's FMLA claims.

## V. FACTUAL ALLEGATIONS

11. Plaintiff began working for Defendant in January 2022, most recently holding the position of Supervisor of Social Media.

12.     Throughout her employment, Plaintiff consistently met or exceeded Defendant's legitimate expectations and never received a negative performance evaluation, disciplinary action, or warning that her job was in jeopardy.

13.     In October 2023, Plaintiff informed Defendant that she was pregnant and that she would require maternity leave.

14.     Plaintiff was eligible for and exercised her right to take protected leave under the FMLA beginning on April 29, 2024.

15.     Plaintiff's maternity leave qualified as protected leave under the FMLA.

16.     While Plaintiff was on maternity leave, Defendant hired and reassigned management personnel who expressed hostility toward pregnancy, childbirth, and motherhood.

17.     Plaintiff's supervisor questioned whether Plaintiff intended to return to work, despite Plaintiff having already communicated a scheduled return date of July 18, 2024.

18.     Upon Plaintiff's return from maternity leave, Defendant immediately reduced Plaintiff's job duties, removed her supervisory responsibilities, and excluded her from meaningful work.

19.     Defendant reassigned Plaintiff's core responsibilities to employees who were not pregnant and who had not taken FMLA leave.

20.     Defendant failed to conduct a mid-year performance review or provide feedback to Plaintiff, despite conducting such reviews for similarly situated employees.

21. Defendant scheduled meetings and work obligations at times it knew conflicted with Plaintiff's medically necessary lactation breaks and failed to provide reasonable accommodation or follow-up information.

22. Defendant treated Plaintiff as less committed to her job because she had become a mother and had exercised her right to maternity leave.

23. On October 18, 2024, Defendant informed Plaintiff that her position was being "eliminated."

24. Defendant's stated reason for terminating Plaintiff was false and pretextual.

25. On October 21, 2024, Defendant posted a position titled Senior Social Media Manager with substantially the same duties as Plaintiff's former role.

26. Plaintiff applied for the posted position and was summarily rejected on November 26, 2024, despite being qualified.

27. Defendant filled the position with a male employee who was no better qualified than Plaintiff.

28. Defendant's actions were motivated by Plaintiff's sex, pregnancy, and use of FMLA leave.

## VI. CLAIMS FOR RELIEF

### COUNT I
Sex Discrimination (Title VII of the Civil Rights Act of 1964)
42 U.S.C. § 2000e et seq.

29. Plaintiff realleges and incorporates paragraphs 1–28 as if fully set forth herein.

30. Plaintiff is a member of a protected class based on her sex.

31.     Plaintiff was qualified to perform the essential functions of her position.

32.     Defendant subjected Plaintiff to adverse employment actions, including reduction of duties, termination, and refusal to rehire.

33.     Defendant treated Plaintiff less favorably than similarly situated employees who were not pregnant and did not take FMLA leave.

34.     Defendant's actions were motivated, at least in part, by Plaintiff's sex, in violation of Title VII.

35.     As a direct and proximate result, Plaintiff suffered economic loss, emotional distress, and other compensatory damages.

COUNT II
Pregnancy Discrimination
(Title VII, as amended by the Pregnancy Discrimination Act)
42 U.S.C. §§ 2000e et seq. and 2000e(k)

36.     Plaintiff realleges and incorporates paragraphs 1–28 as if fully set forth herein.

37.     Plaintiff was pregnant, gave birth, and experienced related medical conditions protected under the Pregnancy Discrimination Act.

38.     Plaintiff was qualified to perform her job before, during, and after her pregnancy and maternity leave.

39.     Defendant subjected Plaintiff to adverse employment actions, including questioning her return to work, reducing her duties, terminating her employment, and refusing to rehire her.

40.     Defendant treated Plaintiff less favorably than employees who were not pregnant and who did not take maternity leave.

41.     Defendant relied on stereotypes and animus regarding pregnancy, childbirth, and motherhood.

42.     Defendant's conduct violated the Pregnancy Discrimination Act.

43.     Plaintiff suffered damages as a direct and proximate result of Defendant's unlawful conduct.

COUNT III
FMLA Interference
29 U.S.C. § 2615(a)(1)

44.     Plaintiff realleges and incorporates paragraphs 1–28 as if fully set forth herein.

45.     Plaintiff was eligible for and exercised her right to take FMLA leave.

46.     Defendant interfered with Plaintiff's FMLA rights by failing to restore her to the same or an equivalent position and by using her leave as a negative factor in employment decisions.

47.     Defendant's conduct violated the FMLA.

COUNT IV
FMLA Retaliation
29 U.S.C. § 2615(a)(2)

48.     Plaintiff realleges and incorporates paragraphs 1–28 as if fully set forth herein.

49.     Plaintiff engaged in protected activity by taking FMLA leave.

50.     Defendant subjected Plaintiff to adverse employment actions, including termination and refusal to rehire.

51.     Defendant's adverse actions were causally related to Plaintiff's use of FMLA leave.

52.     Defendant retaliated against Plaintiff in violation of the FMLA.

## VII. DAMAGES

53.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, and other compensatory damages.

54.     Defendant acted intentionally, willfully, and with reckless disregard for Plaintiff's federally protected rights.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff on all counts;

B. Declare Defendant's conduct unlawful;

C. Award back pay, front pay, and lost benefits;

D. Award compensatory and liquidated damages as permitted by law, including but not limited to liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

E. Order reinstatement or appropriate equitable relief;

F. Award reasonable attorneys' fees and costs;

G. Award pre- and post-judgment interest; and

H. Grant such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

> Dated this 3rd day of February, 2026.
>
> Respectfully submitted,
>
> <u>Electronically signed by Alan C. Olson</u>
> Alan C. Olson, SBN: 1008953
> Nicholas O. Yurk, SBN: 1095278
> Alan C. Olson & Associates, S.C.
> 2880 South Moorland Road
> New Berlin, WI 53151
> Phone: (262) 785-9606
> Email: AOlson@Employee-Advocates.com
>
> Attorneys for Plaintiff